[No. 8156.  Department Two.  January 8, 1910.]

BEN BRESCHLI, *Respondent*, v. AUGUST KUBILLUS *et al.,*
*Appellants.*[1]

EXECUTION—SUPPLEMENTAL PROCEEDINGS — OBJECTIONS — WAIVER.
Objection to the validity of proceedings supplementary to execu-
tion for the examination of the wife of a defendant cannot be urged
where the case was tried on its merits, the appellant asked that the
status of money deposited in bank in the name of the wife examined
be determined, and she stated that she was ready to turn over money
on the order of the court if it belonged to the defendant.

Appeal from an order of the superior court for Spokane
county, Hinkle, J., entered March 15, 1909, after an exami-
nation before the court upon proceedings supplemental to
execution, ordering the payment of money to the plaintiff.
Affirmed.

*Samuel R. Stern*, for appellants.

*A. H. Gregg*, for respondent.

DUNBAR, J.—Passing all irrelevant statements and conten-
tions in appellants' brief, this is an appeal from a judgment
growing out of proceedings supplemental to an execution.
The respondent, some three years before the proceedings
under discussion, had obtained a judgment against August
Kubillus and Adolph Kubillus, the former being the husband
of the defendant Helen Kubillus, interpleaded in this case.
An affidavit was made by the attorney for the respondent, set-
ting forth the alleged fact that Helen Kubillus had property
belonging to Adolph Kubillus and August Kubillus which she
refused to apply to the satisfaction of said judgment, and an
order was asked requiring the said Helen Kubillus to appear
before the court on the 13th day of March, 1909, and then
and there be examined as to such property.  In response to
this petition and affidavit, an order was made requiring
Helen Kubillus to appear and answer as prayed for; and she

[1]Reported in 106 Pac. 1135.

did appear, and testimony by Helen Kubillus and others was offered, attorney Gregg appearing for the respondent, and Samuel R. Stern, Esq., for the appellants.

Some criticism is made by the appellants as to the legality of the proceedings leading up to this examination, but we are unable to discover in the record anything illegal in the proceedings. The proceeding was the ordinary one in such cases and plainly, it seems to us, within the law. In addition to this, the case was tried upon its merits, the appellant Adolph Kubillus asking that the status of the money in question be determined, and the attorney Stern stating to the court that, if they had any money belonging to Adolph Kubillus, they were ready under order of the court to turn it over, saying to the witness Mrs. Kubillus, "Is not that so?" to which she responded, "Yes," and the case was then tried upon its merits.

The property which was the subject of examination was $1,100 deposited in the Old National Bank, in the name of Helen Kubillus, which it was claimed belonged to Helen Kubillus and to her brother-in-law Adolph Kubillus, one of the defendants in the original action against whom judgment was obtained. Upon the hearing of the cause, the court found that there was deposited in the name of Helen Kubillus, wife of August Kubillus, in the Old National Bank, the sum of $1,100, and it ordered and adjudged that the said Helen Kubillus pay to the clerk of the court the sum of $503.75, out of the money so deposited and belonging to Adolph Kubillus, by check or assignment made to the clerk, and that said money be by the clerk forthwith applied to the satisfaction of said judgment, together with costs. The testimony adduced fully sustains the finding of the court, and the judgment is therefore affirmed.

This disposition of the case renders it unnecessary to discuss or decide the motion interposed by the respondent to strike appellants' brief and dismiss the case because of the

use therein of improper language in reference to the trial judge and the court reporter.

RUDKIN, C. J., CROW, PARKER, and MOUNT, JJ., concur.